hAMY, J.,
dissenting.
I respectfully disagree that a reversal is required. In my opinion, the trial court correctly granted the insurer’s motion for summary judgment. Like the majority, I consider the Louisiana Supreme Court’s discussion regarding mental injury constituting physical injury in Crabtree v. State Farm Ins. Co., 93-509 (La.2/28/94); 632 So.2d 736 important to resolution of this case. However, my appreciation of the supreme court’s discussion in that case *825 indicates that an affirmation is warranted. While the definition of “bodily injury” in the policy presently at issue and the definition in the policy before the court in Crab-tree, appear to be similar, the instant case contains a specific exclusion of emotional distress and mental anguish. Crabtree provides no indication that the policy before the supreme court contained the same provision. Focusing on the definition of “bodily injury” in the policy before it, the supreme court explained that “if the definition was intended to cover only external, physical injuries, then ‘bodily injury’ easily could have been defined in a more restrictive fashion through the use of such words.” Id. at 744. In my opinion, the State Farm policy now at issue does just that. It sets forth the definition of bodily injury, specifically excluding mental damages arising without “actual” physical injury. As the record lacks evidence of an actual physical injury in the present case, I do not conclude that the policy covers the alleged act. It follows that an affirmation is warranted.
I respectfully dissent.